UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Darren Clark Green, ) | Case No. 2:25-cv-06091-BHH-MGB |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| Sheriff Ritchie, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Darren Clark Green ("Petitioner"), a pretrial detainee proceeding *pro se* and *in forma pauperis*, brings this petition seeking a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review all pretrial matters in this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that the petition be summarily dismissed without prejudice and without requiring Respondent to file a return.

**BACKGROUND**

Petitioner is currently being detained at the Sheriff Al Cannon Detention Center on two pending charges for possession of a firearm or ammunition by a person convicted of a violent felony and one pending charge for possession of a firearm or ammunition by a person convicted of certain crimes.[1] State records indicate that a Charleston County Grand Jury issued a true bill of

---

[1] The undersigned takes judicial notice of the records filed in Petitioner's underlying state criminal proceedings before the Charleston County Court of General Sessions. *See* https://www.sccourts.org/case-records-search/ (limiting search to Charleston County and searching for "Darren Green") (last visited Sept. 2, 2025); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (explaining that a federal court may take judicial notice of the contents of its own records, as well as those records of other courts); *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd,* 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may also take judicial notice of factual information located in postings on government websites).

indictment with respect to the first two charges on September 10, 2024 (Indictment Nos. 2024-GS-10-04463 and -04464), and with respect to the third charge on May 5, 2025 (Indictment No. 2025-GS-10-02435).

Petitioner now brings the instant petition pursuant to 28 U.S.C. § 2241 apparently challenging his third criminal charge, possession of a firearm or ammunition by a person convicted of certain crimes (Indictment No. 2025-GS-10-02435). (*See* Dkt. No. 1 at 2.) More specifically, Petitioner seems to allege that he has been denied a probable cause hearing and/or a preliminary hearing in part because the authorities cannot "justify [his] arrest" and "fabricated a charge with ill will." (*Id.* at 2, 7.) Petitioner explains that authorities arrived at his home in response to a "verbal argument" and essentially charged him with possession of a firearm because they could not arrest him for criminal domestic violence. (*Id.* at 6.) According to Petitioner, the arresting officer placed him in handcuffs even though he "was not a fleeing suspect in hot pursuit or trying to destroy evidence" and entered Petitioner's home without a warrant where he then committed an "illegal search" that produced the firearms at issue. (*Id.*) Based on these purported violations of Petitioner's constitutional rights, he states that he "would like to be release[d] or have [his] charge dismissed." (*Id.* at 7.)

## STANDARD OF REVIEW

Under the established local procedure in this judicial district, a careful review has been made of Petitioner's *pro se* petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts;[2] the Anti-Terrorism and Effective Death Penalty Act of 1996; and the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of*

---

[2]    *See* Rule 1(b), Rules Governing § 2254 Cases (allowing district courts to apply any or all of these rules to § 2241 petitions).

*Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The narrow question before the Court is whether it "plainly appears" that Petitioner is not entitled to any relief. Rule 4, Rules Governing § 2254 Cases. If so, his petition must be dismissed; if not, Respondent must respond. *Id.* Because Petitioner is a *pro se* litigant, his petition is accorded liberal construction. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon*, 574 F.2d at 1151. Even under this less stringent standard, however, the Court cannot ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## **DISCUSSION**

Under certain circumstances, a pretrial detainee may bring a petition for habeas relief pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *See United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995), *cert. denied*, 484 U.S. 956 (1987) (citing *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). It is well-settled, however, that such relief is available only if the detainee has "exhausted his state court remedies and shown the existence of special circumstances to justify federal intervention." *Brazell v. Boyd*, 991 F.2d 787 (4th Cir. 1993) (Table) (referencing *Dickerson*, 816 F.2d at 224–26); *see also Roy-Brown v. Graziano*, No. 6:22-cv-456-TLW-KFM, 2022 WL 18359176, at *2 (D.S.C. Mar. 15, 2022), *adopted sub nom. Roy-Brown v. Warden of F.C.I. Bennettsville*, 2023 WL 285469 (D.S.C. Jan. 18, 2023) (explaining that a pretrial detainee generally cannot challenge the constitutionality of his confinement without fully exhausting the available state court remedies). Where, as here, the State has not been accorded "a fair opportunity . . . to consider the issue and afford a remedy if relief is

3

warranted, federal courts in habeas proceedings by state [detainees] should stay their hand."[3] *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) (internal quotations marks and citations omitted).

The United States Supreme Court emphasized this principle in *Younger v. Harris*, 401 U.S. 37 (1971), finding that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. at 43–44; *see also Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). Specifically, the *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44. From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

In the instant case, the first criterion is met because Petitioner's criminal proceedings are ongoing at this time. The second criterion is also met, as the Supreme Court has explained that "States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Finally, the third criterion is satisfied because Petitioner can address his claims in his pending criminal proceedings. *Gilliam*, 75 F.3d at 904 (noting that "ordinarily a pending state prosecution provides the accused a fair and sufficient

---

[3] There is no indication in the petition or the available state court records that Petitioner has invoked or fully exhausted any available state court remedies in relation to his claims.

opportunity for vindication of federal constitutional rights") (referencing *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)); *see also Sparks v. Mitchell Cty.*, No. 1:21-cv-50-MR, 2021 WL 781508, at *2 (W.D.N.C. Mar. 1, 2021) ("Under the third prong, the scheme for federal habeas review is designed 'to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.") (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Because Petitioner's case meets all three criteria for abstention under *Younger*, federal habeas relief is available only if "special circumstances" justify the provision of federal review. *Dickerson*, 816 F.2d at 224–26.

Petitioner has not shown the type of extreme misconduct or extraordinary circumstances that would warrant federal interference in a pending state criminal case. While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pretrial intervention; thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *See Askins v. Dir. of Florence Cty. Det. Ctr.*, No. 9:20-cv-2846-DCC-MHC, 2020 WL 7001015, at *2 (D.S.C. Sept. 3, 2020), *adopted*, 2020 WL 6110960 (D.S.C. Oct. 16, 2020) (referencing *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975)). Further, where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Id.*; *see also Victoria v. Bodiford*, No. 8:21-cv-1836-JMC, 2021 WL 3726707, at *2 (D.S.C. Aug. 20, 2021) ("If Petitioner has the opportunity to raise his constitutional arguments within the state court proceedings and appeal adverse determinations within the state court system, this court is bound by *Younger* to abstain from granting Petitioner the relief he requests.").

Here, Petitioner has defense counsel and is plainly able to raise his claims in state court. Thus, he cannot demonstrate "special circumstances" or show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested federal relief. *See, e.g.*, *Scott v. Malone*, No. 2:23-cv-3532-DCC-MGB, 2024 WL 1838714, at *5 (D.S.C. Feb. 27, 2024), *adopted*, 2024 WL 1836576 (D.S.C. Apr. 26, 2024) (dismissing claims under *Younger* where plaintiff had opportunity to present his argument that he was arrested without probable cause during the disposition of his criminal charges); *Holmes v. Grant*, No. 4:22-cv-3459-MGL-TER, 2022 WL 19331394, at *2 (D.S.C. Nov. 2, 2022), *adopted*, 2023 WL 2717362 (D.S.C. Mar. 30, 2023) (finding no exceptional circumstances where petitioner could raise concerns regarding preliminary hearing in state court); *Brown v. Dir. of Florence Cnty. Det. Ctr.*, No. 2:20-cv-2951-JD-MGB, 2021 WL 6139411, at *3 (D.S.C. Oct. 5, 2021) (dismissing pretrial detainee's habeas petition because he could raise his claims regarding state court's purported failure to afford him a preliminary hearing in his underlying criminal case). The undersigned therefore finds that Petitioner is precluded from federal habeas relief at this time.

## **CONCLUSION**

Based on the above, the undersigned finds that Petitioner cannot cure the deficiencies in his petition by amendment and therefore **RECOMMENDS** that the Court **DISMISS** the petition without prejudice and without requiring Respondent to file a return.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

September 4, 2025
Charleston, South Carolina

The parties' attention is directed to the **Important Notice** on the next page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).